UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Cabuco- Villacis, Jose Rodrigo<br>A221 492 133<br><br>Cabuco- Masaquiza, Christian<br>A 221 492 132<br>    *Petitioners*,<br><br>    v.<br><br>Kristi NOEM, et. Al,<br><br><br>    *Respondents*. | **Civil Action No.:** 2:25-cv-18958-BRM |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

 While this habeas petition was pending, Petitioner was transferred to a Texas detention facility overnight, with reason to believe he will be imminently removed from the United States. Petitioner, by counsel, pursuant to Fed R. Civ. P. 65(b)(1), hereby requests that this court issue an emergency*ex parte* temporary restraining order, restraining Defendants from removing him from the United States. In support of this motion, Petitioner respectfully represents as follows:

BACKGROUND

 Petitioner **Rodrigo Jose Cabuco Villacis** is a 40-year-old male, native and citizen of Ecuador who, upon information and belief, entered the United States without inspection on or about 2008, approximately 17 years ago. He has lived in Newark, New Jersey since his entry to the United States.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Petitioner **Christian Cabuco Masaquiza** is a 21-year-old male, son of, Rodrigo Jose Cabuco Villacis, native and citizen of Ecuador who, upon information and belief, entered the United States without inspection on or about 2015, approximately 10 years ago. He has lived in Newark, New Jersey since his entry to the United States.

Both Petitioners reside at 17 Monroe Street, 1st Floor, Newark, New Jersey 07105. On the morning of Monday, December 22, 2025, both Petitioners were stopped in their vehicle near Irvington, New Jersey by Immigration & Customs Enforcement officers and were detained.

Upon information and belief, Petitioners are not recent entrants to the United States and have not been assigned alien identification ("A") numbers. Until recently upon giving notice of transfer to Port Isabel counsel was able to obtain Petitioners alien numbers.

Counsel has requested communication with petitioners and whereabout of petitioners, but no information given until an email from ERO with the notification that petitioners have been transferred to Port Isabel Texas. Petitioners have been denied communication with their counsel.

Upon information and belief, neither Petitioner has been in immigration court proceedings before the Executive Office for Immigration Review ("EOIR"). Upon information and belief, no Notice to Appear has been issued to either Petitioner. Upon information and belief, Petitioners are not subject to orders of removal.

Upon information and belief, Petitioners were detained at Delaney Hall Detention Facility located at 451 Doremus Avenue, Newark, New Jersey 07102. Last night at approximately 5:00 AM in the morning petitioners were transferred to Port Isabel in Texas.

Upon information and belief, Petitioners have no criminal history whatsoever. They have no criminal arrests, no criminal convictions, and no pending criminal charges.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Petitioners have no open warrants or criminal history that would warrant their arrest and detention outside of the District Court of New Jersey.

Upon information and belief, ICE has detained Petitioners under the mandatory detention provisions of 8 U.S.C. § 1225(b), pursuant to the decision of the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

Upon information and belief, ICE has not provided Petitioners with bond hearings or any meaningful opportunity to demonstrate that they do not pose flight risks or dangers to the community.

Petitioners have now been detained for approximately one (6) days without individualized determinations regarding the necessity of their continued detention and imminent removal from the United States without due process and denied contact with his attorney.

This Court recently determined that individuals in Petitioners' circumstances are members of the plaintiff class in the matter of *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873 (C.D. Cal. Nov. 25, 2025), which established that noncitizens who entered without inspection and have been present in the United States are entitled to bond hearings under INA § 236(a), not subject to mandatory detention under INA § 235(b).

Petitioners' circumstances align precisely with the class members in *Maldonado Bautista*: they entered without inspection, have been continuously present in the United States for many years, and were arrested in the interior of the country, not at the border.

Petitioners were detained on December 22, 2025, without due process and have been denied the opportunity to seek any relief. Petitioners have been more than 10 years in the United States and are eligible for Cancellation of removal and have express fear of returning to their country.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**Port Isabel is a staging facility for removal flights that routinely occur within 24 hours of arrival.**

### LEGAL STANDARD

A temporary restraining order may be issued without notice if the facts in an affidavit show immediate irreparable injury will result to the movant, and counsel certifies any efforts made to give notice and reasons why it should not be required. Fed. R. Civ. P. 65(b)(1). A plaintiff must establish: (1) likelihood of success on the merits, (2) likelihood of irreparable harm absent relief, (3) balance of equities tips in his favor, and (4) injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

### ARGUMENT

**I. Petitioner Is Likely to Succeed on the Merits**

Petitioners are likely to succeed because his detention and planned removal violate statutory and constitutional protections. He has established credible fear of persecution in Ecuador based on political opinion and membership in a particular social group (individuals who report criminal activity to authorities). Under 8 U.S.C. § 1231(b)(3), the government is prohibited from removing an individual to a country where there is a reasonable likelihood of persecution.

The retaliatory transfer to Texas after filing their habeas petition violates Petitioner's constitutional right to access the courts. *Ex parte Yerger*, 75 U.S. 85, 95 (1868). Courts have consistently found that transferring petitioners out of the district after filing habeas petitions to frustrate judicial review violates due process. *Munaf v. Geren*, 553 U.S. 674 (2008).

Petitioners were denied the opportunity to present their asylum claim or cancellation of removal for non-permanent residents. The government cannot remove him without affording due process, including hearing before an immigration judge.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**II. Petitioner Will Suffer Irreparable Harm Without Relief**

Petitioners face irreparable harm on multiple grounds. First, removal to Ecuador would expose him to death threats. This harm is both immediate and irreversible.

Second, the retaliatory transfer frustrates this Court's jurisdiction and denies Petitioner meaningful access to counsel. His New Jersey-based attorney cannot effectively represent him from Texas, and Petitioner's family cannot visit him 1,800 miles away. This denial of access to courts constitutes irreparable injury. *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 320 (3d Cir. 2020).

Third, removal before adjudication of their asylum claim and withholding of removal and/or cancellation of removal from non-permanent resident application would render their habeas petition moot and deprive them of all legal protections. Unlike traditional removal cases where individuals can continue appeals from abroad, Petitioner faces persecution and likely death upon return, making post-removal relief meaningless.

**III. The Balance of Equities Favors Petitioner**

The balance of equities strongly favors granting relief. Requiring ICE to return Petitioner to New Jersey imposes minimal burden on the government, as ICE routinely transfers detainees between facilities. The government has provided no legitimate reason for detaining Petitioner in Texas rather than New Jersey.

In contrast, Petitioners face severe and irreparable harm: denial of access to courts and counsel, continued unlawful detention, denial of their right to any relief available to them.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Petitioners have been living peacefully in New Jersey from 2017 to present, has strong family and community ties, and poses no flight risk or danger.

The equities are particularly strong where the government engaged in forum manipulation to evade judicial review. Courts consistently hold that the balance tips against the government in such circumstances.

**IV. The Public Interest Favors Granting Relief**

The public interest strongly favors enforcing constitutional due process protections and preventing executive branch manipulation of the forum. The Great Writ of habeas corpus is "the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action." *Harris v. Nelson*, 394 U.S. 286, 290-91 (1969).

Allowing ICE to evade habeas review through geographic manipulation would undermine separation of powers and the rule of law. If the executive branch can defeat judicial review by transferring petitioners out of the district after filing habeas petitions, the constitutional right to habeas corpus becomes meaningless.

The public also has a strong interest in ensuring individuals are not removed to countries where they face persecution, consistent with the United States' treaty obligations under the principle of non-refoulement. The public interest is served by upholding the right to counsel and meaningful judicial review.

Given the emergent nature of this application, Petitioner reserves the right to supplement these arguments upon further information.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

## CONCLUSION

WHEREFORE, Petitioner, by counsel, respectfully requests that this Court temporarily enjoin Respondents from removing them from the United States.

Petitioners are indigent and lacks financial means to pay a TRO bond; in addition, the government is not financially harmed by the issuance of a TRO. Petitioner respectfully requests the following relief:

A. Immediately halt any removal proceedings or deportation of Petitioners from the United States pending adjudication of the habeas corpus petition;

B. Prohibit Respondents from transferring Petitioners to any other detention facility;

C. Order Respondents to immediately return Petitioner to the Newark, New Jersey area within this Court's jurisdiction within 72 hours of the Court's order;

D. Order Respondents to afford Petitioner due process, including:

   1. A bond hearing before an immigration judge with proper consideration of Petitioner's more than 10 years of residence in the United States, family ties, and lack of flight risk or dange;.

   2. The right to asylum from fear of persecution if returned to Ecuador and/ or Cancellation of Removal and other available; or alternatively, a full hearing before an immigration judge in removal proceedings under INA § 240 with adequate opportunity to present evidence;

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

E. Preserve this Court's jurisdiction over the pending habeas corpus petition;

F. Grant such other and further relief as the Court deems just and proper.

                                              Respectfully submitted,

                                              <u>s/ Franklin S. Montero</u>
                                              Franklin S. Montero Esq.
                                              Law Office of Franklin S. Montero
                                              451 Clifton Ave
                                              Clifton NJ 07011
                                              Montero@fmonterolaw.com
                                              (973) 777-8718

Dated: December 28, 2025

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**CERTIFICATION**

I, Franklin S. Montero, Esq., counsel for the Petitioner, hereby verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual allegations in this petition are true and correct to the best of my knowledge, information, and belief, based upon the records available and information provided by Petitioner.

Dated: December 28, 2025

Respectfully submitted,

s/ Franklin S. Montero
Franklin S. Montero Esq.
Law Office of Franklin S. Montero
451 Clifton Ave
Clifton NJ 07011
Montero@fmonterolaw.com
(973) 777-8718

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**CERTIFICATE OF SERVICE**

I, Franklin S. Montero, Esq., hereby certify that on this 28th Day of December 2025, I electronically filed the foregoing **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record.

Dated: December 28, 2025

                                                Respectfully submitted,

                                                s/ Franklin S. Montero
                                                Franklin S. Montero Esq.
                                                Law Office of Franklin S. Montero
                                                451 Clifton Ave
                                                Clifton NJ 07011
                                                Montero@fmonterolaw.com
                                                (973) 777-8718